## WILLIAM WEBB *v*. THE STATE.

1. THEFT — EVIDENCE. — The defendant's contemporaneous possession of other stolen property besides that described in the indictment is a circum-

stance provable by the prosecution for the purpose of strengthening the inculpatory inference invoked from his possession of the latter; but proof that he had, at a different time, possession of other stolen property is not competent for this purpose.

2. Same. — A defendant cannot make evidence for himself by his declarations which were not part of the *res gestæ*.

3. Charge of the Court. — A charge is erroneous which assumes the truth of the inculpatory evidence adduced by the State.

Appeal from the District Court of Lamar.   Tried below before the Hon. R. R. Gaines.

The indictment charged the appellant and his brother, Sam Webb, with the theft of a mare belonging to J. W. Hines, on January 20, 1879.   On the application of Sam Webb a severance was granted, and the appellant put first on trial.   The result of the trial was the conviction of the appellant, and an assessment of five years in the penitentiary as his punishment.

The proof shows, that on the night of the date alleged, the mare of Mr. Hines and a gelding of a near neighbor were stolen from their premises.   There was no witness to the taking.   Five or six days afterwards, the appellant and his brother were seen on foot at the town of Ennis in Ellis County, and about one hundred and forty miles from where the theft was committed.   The next day they were seen together in Ellis County, one riding the mare and the other the gelding; and in a day or two more a son of Mr. Hines found the two animals in the possession of two citizens of Ellis County, who testified that they bought them from one Henry Crowdus.   The horses were reclaimed by Mr. Hines's son, and taken back to their owners.   Within a few days the appellant and his brother returned to their home in Lamar County, bringing with them three horses.   The defence objected to any evidence about these animals, but, as will be seen by the opinion, the objection was overruled, and the ruling raises one of the questions discussed in the opinion, where all other material facts are also disclosed.

*Wooldridge & Phillips*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WINKLER, J.  On the trial below, the appellant having severed from his co-defendant, and being alone on trial for the theft of one of two animals which appear to have been stolen from the same immediate neighborhood in Lamar County, and about the same time, counsel for the State, it seems from the record, not having direct and positive evidence of the guilt of the defendant, had resort to circumstantial testimony in order to procure a conviction.  In pursuance of this line of procedure, proof was adduced tending to show that the two persons jointly indicted for the theft of one of the animals alleged to have been stolen in Lamar County were seen together at Ennis in Ellis County, a distance of some one hundred and forty miles from the scene of the theft, and soon after the perpetration of the theft ; the two men being in possession of the two animals taken from Lamar County.  At this stage of the evidence the counsel for the State offered to prove that the two defendants, when on their return from Ellis to Lamar, were seen in possession of certain horses other than the one mentioned in the indictment, which the county attorney proposed to prove had been stolen by the defendants in Ellis County.  This testimony was objected to by the defendant's counsel as irrelevant and inadmissible.  The objection was overruled and the testimony was admitted, apparently on the ground that the supposed theft in Lamar County and that committed in Ellis County were parts of one transaction.

The rule where one accused of crime is found in possession of the fruits of the crime, as evidence conducing to establish his guilt, seems to be as follows :  The force and value of such testimony will depend on several considerations.  If the fact of possession stands alone, wholly unconnected with any other circumstances, its value or

persuasive power, it is said, is very slight, and, agreeably to Mr. Greenleaf, it will be necessary for the prosecution to add the proof of other circumstances indicative of guilt in order to make the naked possession of the thing available towards a conviction. 3 Greenl. on Ev., sect. 31. Various examples are given in the books of such circumstances naturally calculated to awaken suspicion and to corroborate the inference of guilt arising from the fact of possession, and among them is the fact that he was possessed of other stolen property. See the section from 3 Greenleaf cited above.

The fact that such proof would be admissible for the purpose of corroborating the fact of possession of the property averred to have been stolen, would apply if the other stolen property was found in the possession of the alleged thief at the time he is found in the possession of the property he is accused of stealing. So, if it had been shown that, at the time the defendant and his confederate were found in the possession of the horse for the theft of which they, or either, were prosecuted (that charged to have been stolen in Lamar County), they had also been found in possession of other property, the horses alleged to have been stolen in Ellis County, the testimony would have been admissible. As the case was developed, however, it seems that the theft committed in Lamar County and that committed in Ellis County were not, as the judge seems to have supposed, parts of one transaction, but two separate transactions; and therefore the testimony of a different transaction than the one charged in the indictment should have been excluded from the jury, either at the time it was first offered, or when the defendant moved the court to exclude it after it had been admitted over his objection. Testimony of this nature, it is true, is sometimes admitted when *scienter* or guilty intent is the subject of inquiry (*Francis* v. *The State*, 7 Texas Ct. App. 501); but it was not offered for such purpose in the present case.

It is shown by a bill of exceptions that the defendant offered to prove certain statements made by the defendants prior to their trip to Ellis County, going to show the motive and object they had in going from Lamar to Ellis County, which they claim was an innocent intention. This testimony was no part of the transaction; it was mere hearsay, and clearly inadmissible, and the court did not err in excluding it from the jury.

Among other things, the court charged the jury as follows: " The fact that one charged with theft is found in possession of stolen property is not alone sufficient to authorize a conviction, but this fact is a circumstance to be considered by the jury in determining the guilt or innocence of the accused; and if this, in connection with other facts and circumstances in evidence, satisfies the minds of the jury, beyond a reasonable doubt, that the accused is the guilty party, they should find a verdict of guilty." The defect in this charge is that it assumes as a fact that the defendant was found in the possession of the animal alleged to have been stolen. This charge is an expression of opinion as to the weight of evidence, and is violative of art. 677 of the Code of Criminal Procedure.

We are of opinion there was error in admitting proof of a separate and independent theft, and that the court, whilst usually careful and accurate in its charges, in the charge set out above gave the jury an improper charge, likely to have been applied by the jury to the prejudice of defendant. For these errors, the judgment must be reversed and a new trial allowed.

*Reversed and remanded.*